# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

CHRISTOPHER A. STANTON,    )
    )
    Plaintiff,    )
    )    Cause No. 3:16-cv-743
    vs.    )
    )
INDIANA DEPARTMENT OF    )
CORRECTIONS, et al.,    )
    )
    Defendants.    )

## OPINION AND ORDER

When Christopher A. Stanton, a *pro se* prisoner, filed this lawsuit, he initially alleged that the defendants failed to properly treat his mental illness and housed him in an open dorm, even though he knew it was a trigger for his mental health disorders, which caused him to attack a guard on April 19, 2016. (DE 1.) He further alleged that as a result of the attack, he was disciplined and lost earned credit time. (*Id.*) I dismissed the original complaint pursuant to 28 U.S.C. § 1915A, explaining that Stanton's claims for damages were not cognizable under 42 U.S.C. § 1983 until and unless the disciplinary punishment against him is overturned. (DE 4; *see generally Edwards v. Balisok*, 520 U.S. 641, 643 (1997).) I granted Stanton leave to amend his complaint, if the disciplinary punishment was overturned or if Stanton could allege claims not intertwined with his disciplinary punishment. (DE 4.)

Stanton has now filed an amended complaint that brings claims not intertwined

with his disciplinary punishment. (DE 10.) I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Because Stanton is proceeding without the benefit of counsel, I will construe the amended complaint liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

### *Claims Against Mental Health Providers*

The Eighth Amendment entitles inmates to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish a violation of the Eighth Amendment, a prisoner must show that (1) his medical need was objectively serious and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, citations, and brackets omitted). The medical professional must have made "a decision

that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks and citations omitted). Although inmates are not entitled to a specific form of treatment, medical staff cannot simply continue with a course of treatment they know is ineffective. *Greeno*, 414 F.3d at 654–55. In addition, delaying treatment can constitute deliberate indifference when it prolongs pain. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

The amended complaint alleges that Stanton he was diagnosed with and treated for depression, post-traumatic stress disorder (PTSD), polysubstance dependence, and antisocial personality disorder prior to arriving at Westville Correctional Facility on October 28, 2015. (DE 10 at 6.) At Westville, he was housed in an open dorm setting, which caused him to experience thoughts of violence and suicide. (*Id.* at 7.) On January 18, 2016, he allegedly notified mental health provider Charles Dalyrmple and an unidentified psychiatrist of his mental health history and asked to be placed in segregation due to PTSD complications. (*Id.*) He says these providers failed to give him his previously prescribed medications or any mental health treatment to deal with his problems and did not classify him as requiring segregation. (*Id.* at 4–5, 8–9.) In fact, he claims that he was denied mental health treatment until he left on July 20, 2016. (*Id.* at 10.) On this basis, he alleges Eighth Amendment claims against Dalyrmple and the unnamed psychiatrist and seeks compensatory damages.

Stanton has sufficiently pleaded an Eighth Amendment claim against Dalyrmple. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Although further factual development may show that Dalyrmple was justified in his actions, it is too early to tell at this point. Giving Stanton the inferences to which he is entitled at the pleading stage, Stanton has alleged enough to proceed on an Eighth Amendment claim.

Stanton may not, however, proceed on his claims against the unidentified psychiatrist. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Thus, I will dismiss the unidentified psychiatrist defendant without prejudice. After counsel for Dalyrmple has appeared in this case, Stanton may initiate discovery directed at Dalyrmple for the purpose of identifying the unknown psychiatrist who allegedly denied Stanton adequate mental health treatment. Notably, all discovery requests and responses must be filed with the court. N.D. Ind. L.R. 26-2(a)(2)(A). If Stanton can identify that defendant later, he may move to add him/her as a defendant.

### Other Claims Related to Medical Care

Stanton alleges constitutional claims against IDOC Commissioner Bruce Lemmon and Westville Superintendent Mark Severe for the deficient mental health treatment he received from Dalyrmple and the unnamed psychiatrist. (DE 10 at 4.) However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, which

means that these defendants cannot be liable simply because they oversaw operations at the prison or supervised correctional officers or staff. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). Stanton also alleges that Lemmon and Severe failed to adequately train Westville's mental health providers. "An allegation of a 'failure to train' is available only in limited circumstances." *Cornfield v. Consol. High School Dist. No. 230,* 991 F.2d 1316, 1327 (7th Cir. 1993). Such a claim requires that "the policymakers had acquiesced in a pattern of constitutional violations." *Id*. Here, the complaint neither mentions prior instances where mental health providers refused to provide adequate treatment, nor alleges any facts about why or how the training or supervision Lemmon and Severe provided was inadequate. Rather, it merely concludes that the training provided was inadequate. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*citing Twombly*, 550 U.S. at 556). For these reasons, Stanton's claims against Lemmon and Severe must be dismissed.

Stanton also sues Corizon, the private company that provides medical care at the prison, apparently on grounds the company employs the mental health providers that denied Stanton treatment. Again, though, there is no general *respondeat superior* liability under Section 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). In addition, although private companies performing state functions may be held liable under *Monell* if there was an

unconstitutional practice or policy, Stanton does not include any allegations from which it can be plausibly inferred that Corizon had such a practice or policy. *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Instead, the gist of Stanton's claim is that medical staff failed to give proper care to him for his mental health needs. Accordingly, Stanton has not plausibly alleged a claim against Corizon.

### *Claims Related to Classification*

Stanton sues Jack Hendrix, the director of classification at Westville, and Andrew Pazera, a classification officer at Westville, for not allowing him to be placed in segregation due to his mental health needs. (DE 10 at 4, 7–8.) The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter. *Farmer*, 511 U.S. at 832. However, "[a] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference[.]" *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "If a prisoner is under the care of medical experts[,] a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Greeno v. Daley* , 414 F.3d 645, 656 (7th Cir. 2005) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)).

Stanton, of course, was under the care of at least two mental health care providers at Westville, and neither diagnosed him with having a mental health condition that required him to be placed in segregation. As a result, the non-medical defendants were not deliberately indifferent when they did not place him in segregation

merely because he demanded it. They were entitled to rely on the mental health providers' opinions and recommendations. Therefore, Stanton's claims against Hendrix and Pazera must be dismissed.

### Claim Related to the Grievance Process

Stanton sues T. Cambe for denying him access to the grievance process at Westville, although it's not clear what actions Cambe took. (DE 10 at 5.) What is clear is that, although a prisoner will not be required to administratively exhaust when he is denied access to the grievance process, "inadequacies of the grievance procedure itself . . . cannot form the basis for a constitutional claim." *See Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015). As a result, Stanton's claim(s) against Cambe will be dismissed.

## Conclusion

For these reasons, the court:

(1) **GRANTS** Stanton leave to proceed against Dalyrmple in his individual capacity for compensatory and punitive damages for denying him adequate mental health treatment from January 18, 2016 through July 20, 2016, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims, including those against Bruce Lemmon, Jack Hendrix, Mark Severe, Andrew Pazera, T. Cambe, Corizon Health, and the John Doe psychiatrist;

(3) **DIRECTS** the Clerk of Court and the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to issue and serve process, along with a copy of the

amended complaint (DE 10) and this order, on Dalyrmple;

(4) pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** Dalyrmple to respond only to the claims for which Stanton has been granted leave to proceed in this order, as provided for in the Federal Rules of Civil Procedure and Local Rule 10-1(b);

(5) **DIRECTS** Stanton to initiate any discovery to identify the unknown psychiatrist **on or before August 14, 2017**; and

(6) **GRANTS** Stanton leave **until October 16, 2017**, to file a second amended complaint, naming the unknown psychiatrist as a defendant and presenting any and all claims that he is asserting against him.

**SO ORDERED.**

ENTERED: June 21, 2017.

 s/ Philip P. Simon      
JUDGE, UNITED STATES DISTRICT COURT